FILED BY ___ D.C.
96 OCT 16 PM 2:29
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JON J. JACOBS,

Plaintiff,

vs.

CORNING CLINICAL LABORATORIES, INC., a Delaware corporation,

Defendant.

Case No. 96-2894 CIV-MOORE

MAGISTRATE JUDGE DUBÉ

**COMPLAINT**

The Plaintiff, JON J. JACOBS, files this complaint against the Defendant CORNING CLINICAL LABORATORIES, INC., and alleges:

## I. DISCRIMINATION BASED ON RELIGION IN VIOLATION OF TITLE VII

1. This is a cause of action arising under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e-5(f) and Title 42, United States Code, Section 1981a, and hence is within the jurisdiction of this Court pursuant to Title 28, United States Code, Sections 1331 and 1343.

2. The Plaintiff, JON J. JACOBS, is sui juris and is a permanent resident of Dade County, Florida.

3. The Defendant, CORNING CLINICAL LABORATORIES, INC. (CORNING) is a Deleware corporation authorized to do business in Florida and is doing business in Dade County, Florida.

4. From March, 1992 through April 19, 1993, the Plaintiff was employed by Damon Clinical Laboratories, Inc. (DAMON) as a sales representative.

5. At all material times, the Plaintiff was qualified to perform his duties as a sales representative for DAMON.

6. At all material times, DAMON was an employer within the meaning of Section 701(b) of Title VII, 42 U.S.C., Section 2000e-(b), and at all material times had at least fifteen (15) employees.

8. On or around August 4, 1993, DAMON merged into the Defendant CORNING. The Defendant CORNING is thus the successor to and has assumed all material liabilities of DAMON. CORNING is and at all material times has been an employer within the meaning of Section 701(b) of Title VII, 42 U.S.C., Section 2000e-(b), and at all material times has had at least fifteen (15) employees.

9. The Plaintiff is a Jew who does not regularly observe Jewish customs and traditions.

10. During the Plaintiff's employment with DAMON, the Plaintiff's supervisor subjected the Plaintiff to adverse working conditions, submitted performance reviews containing inaccurate and untrue negative information about the Plaintiff, and communicated to his and the Plaintiff's superiors false and inaccurate negative information about the Plaintiff.

11. As a result of the actions described in the preceding Paragraph, the Plaintiff was discharged by DAMON on or around April 19, 1993. The Plaintiff was either not replaced or was replaced by a person who was not a Jew as described in Paragraph 9.

12. At all material times the adverse employment actions taken against the Plaintiff, including the Plaintiff's ultimate discharge, were due to the Plaintiff's being a Jew who did not regularly observe Jewish customs or traditions.

13. The actions of DAMON described above constitute unlawful and intentional discrimination against the Plaintiff within the meaning of Title 42, United States Code, Section 1981a and 2000e-2.

14. The actions of DAMON described above constitute wrongful discharge and discrimination against the Plaintiff in the terms, conditions and privileges of his employment, because of his religion, within the meaning of Title 42, United States Code, Section 2000e-2(a)(1).

15. As a direct and proximate result of DAMON's unlawful and intentional discrimination against the Plaintiff described above, the Plaintiff has lost the additional pay and benefits he would have received if he had not been discharged, has sustained emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and has sustained other nonpecuniary and pecuniary losses.

16. The actions of DAMON warrant an award of punitive damages against the Defendant.

17. The Plaintiff has retained the undersigned counsel to prosecute this action and is obligated to pay him a reasonable attorney's fee.

18. The Plaintiff is entitled to an award of attorney's fees in this action pursuant to Title 42, United States Code, Sections 2000e-5(k) and 1988.

19. The Plaintiff has complied with all conditions precedent to this action. In particular, the Plaintiff timely filed a charge of discrimination against the Defendant with the Miami District Office of the Equal Employment Opportunity Commission (EEOC). On July 30, 1996, the EEOC gave the Plaintiff notice of his right to sue within 90 days of that notice as provided by Title 42, United States Code, Section 2000e-5(f)(1).

WHEREFORE, the Plaintiff demands judgment against the Defendant for pecuniary and nonpecuniary compensatory damages, punitive damages, costs, attorney's fees, and such other legal and equitable relief as the Court deems appropriate, and demands trial by jury of all issues so triable as of right.

**II. DISCRIMINATION BASED ON RELIGION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

20. This is a cause of action arising under the laws of the State of Florida, specifically the Florida Civil Rights Act of 1992, Section 760.10, Florida Statutes, and is within the pendent jurisdiction of this Court.

21. The Plaintiff, JON J. JACOBS, is sui juris and is a permanent resident of Dade County, Florida.

22. The Defendant, CORNING CLINICAL LABORATORIES, INC. (CORNING) is a Delaware corporation authorized to do business in Florida and is doing business in Dade County, Florida.

23. From March, 1992 through April 19, 1993, the Plaintiff was employed by Damon Clinical Laboratories, Inc. (DAMON) as a sales representative.

24. At all material times, the Plaintiff was qualified to perform his duties as a sales representative for DAMON.

25. At all material times, DAMON was an employer within the meaning of Section 760.02, Florida Statutes and had at least fifteen (15) employees.

26. On or around August 4, 1993, DAMON merged into the Defendant CORNING. The Defendant CORNING is thus the successor to and has assumed all material liabilities of DAMON. CORNING is and at all material times has been an employer within the meaning of Section 760.02, Florida Statutes, and at all material times has had at least fifteen (15) employees.

27. The Plaintiff is a Jew who does not regularly observe Jewish customs and traditions.

28. During the Plaintiff's employment with DAMON, the Plaintiff's supervisor subjected the Plaintiff to adverse working conditions, submitted performance reviews containing inaccurate and untrue negative information about the Plaintiff, and communicated to his and the Plaintiff's superiors false and inaccurate negative information about the Plaintiff.

29. As a result of the actions described in the preceding Paragraph, the Plaintiff was discharged by DAMON on or around April 19, 1993. The Plaintiff was either not replaced or was replaced by a person who was not a Jew as described in Paragraph 27.

30. At all material times the adverse employment actions taken against the Plaintiff, including the Plaintiff's ultimate discharge, were due to the Plaintiff's being a Jew who did not regularly observe Jewish customs and traditions.



LAW OFFICES OF PHILIP M. GERSON, P.A., SUITE 1310 MIAMI CENTER, 100 CHOPIN PLAZA, MIAMI, FLORIDA 33131-4324 · (305) 371-6000

31. The actions of DAMON described above constitute unlawful and intentional discrimination, because of his religion, against the Plaintiff within the meaning of Section 760.10, Florida Statutes.

32. As a direct and proximate result of DAMON's unlawful and intentional discrimination against the Plaintiff described above, the Plaintiff has lost the additional pay and benefits he would have received if he had not been discharged, has sustained emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and has sustained other nonpecuniary and pecuniary losses.

33. The actions of DAMON warrant an award of punitive damages against the Defendant.

34. The Plaintiff has retained the undersigned counsel to prosecute this action and is obligated to pay him a reasonable attorney's fee.

35. The Plaintiff is entitled to an award of attorney's fees in this action pursuant to Section 760.11(5), Florida Statutes and Title 42, United States Code, Sections 2000e-5(k) and 1988.

36. The Plaintiff has complied with all conditions precedent to this action. In particular, the Plaintiff timely filed a charge of discrimination against the Defendant with the Florida Commission on Human Relations (FCHR). Over 180 days has elapsed since the

filing of the charge with the FCHR and the FCHR has failed to conciliate or determine whether there is reasonable cause for the charge. The Plaintiff may therefore proceed as if the FCHR had found reasonable cause, as provided by 760.11(8), Florida Statutes.

WHEREFORE, the Plaintiff demands judgment against the Defendant for pecuniary and nonpecuniary compensatory damages, punitive damages, costs, attorney's fees, and such other legal and equitable relief as the Court deems appropriate, and demands trial by jury of all issues so triable as of right.

Executed this 17 day of October, 1996.

LAW OFFICES OF PHILIP M. GERSON, P.A.
Attorneys for Plaintiff
Suite 1310, Miami Center
100 Chopin Plaza
Miami, Florida 33131
Telephone: (305) 371-6000
Fax: (305) 371-5749

By: ______________________
PHILIP M. GERSON
Florida Bar No. 127290